UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEWRAWIT H. GEBREKIDAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USAA INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO. C13-0508JLR <br><br> ORDER GRANTING MOTIONS TO DISMISS |

Before the court are two motions to dismiss brought by Defendants Josue Robles, USAA Casualty Insurance Company ("USAA"), Donald Southwell, and Kemper Corporation ("Kemper"). (USAA Mot. (Dkt. # 17); Kemper Mot. (Dkt. # 20).) Defendants each move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the complaint asserts no causes of action against them and alleges no facts whatsoever that, if proven, would make them liable to the Plaintiffs. (USAA Mot. at 5; Kemper Mot. at 6-7.) The court has examined the complaint in light of

ORDER- 1

the applicable legal standards and concludes that dismissal under Rule 12(b)(6) is appropriate with respect to Mr. Robles, USAA, Kemper, and Mr. Southwell. Accordingly, the court GRANTS both motions to dismiss with leave to amend within fourteen days of the date of this order.

## I. BACKGROUND

On July 15, 2013, Plaintiffs Sewrawit Gebrekidan and Kevin Johnson (collectively, "Plaintiffs") filed this complaint against Kenneth Anderson, Karen Sharp, and the above-listed defendants. (Compl. (Dkt. # 13).) The complaint is very short. (*See id.*) It begins by asserting numerous causes of action,

> including but not limited to Civil Rights Violations, violations under the Federal Trade Commission Act, Federal Consumer Protection Act, False and Deceptive Practices Act, 42 U.S.C. § 1981, et seq. 15 U.S.C. §§ 2301, 2306, et seq., Breach of Implied-In-Law Covenant of Good Faith and Fair Dealings, Bad Faith Refusal to Pay a Valid Claim on the basis of discrimination on account of national origin language (Tigrinya), Breach of contract with regard to an insurance policy, loss of consortium, intentional infliction of emotional distress, loss wages, medical expenses, property damages, false reporting, breach of fiduciary duty, compensatory damages, consequential damages and **special damages in the amount of $100,000,000.00** for the violations, omissions, and intentional acts contained herein below.

(Compl. at 2-3 (emphasis in original).) Next, the complaint identifies the defendants, including Mr. Robles, USAA, Mr. Southwell, and Kemper. (*See id.* at 3-4.) The rest of the complaint describes a series of events in which Defendants Karen Sharp and Kenneth Anderson allegedly caused an automobile collision that damaged Plaintiffs' car in ways listed at the end of the complaint. (*Id.* at 4-5.) The complaint makes no further mention

ORDER- 2

(beyond the initial identification) of movants Mr. Robles, USAA, Mr. Southwell, or Kemper.

Mr. Robles and USAA moved to dismiss the complaint on August 20, 2013. (*See* USAA Mot.) Plaintiffs have not responded to the motion (*see* Dkt.), and the time to respond has now passed (*see* Local Rules W.D. Wash. LCR 7(d)). Mr. Southwell and Kemper moved to dismiss a week later. (*See* Kemper Mot.)[1]

## II.   ANALYSIS

**A.   Legal Standard on a Motion to Dismiss under Rule 12(b)(6)**

A Rule 12(b)(6) motion challenges the sufficiency of pleadings and asserts that a complaint does not plead a claim upon which relief can be granted. Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a)(2). The purpose of this rule is to "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

[1] The noting date for these two motions has not yet passed. Nevertheless, the court deems it fit to rule on USAA's motion immediately because Plaintiffs have not submitted a response even after the deadline for doing so has passed. (*See* Dkt.) The court also deems it fit to rule on Kemper's motion now in the interest of conserving judicial resources and because Plaintiffs will suffer no prejudice. With respect to resources, the two motions to dismiss are practically mirror images of one another (*compare* USAA Mot. *with* Kemper Mot.), and both require only examining the complaint under the Rule 12(b)(6) standard. It is possible that Plaintiffs could allege additional facts in their response, but that would not change what is in the complaint, nor would it alter the court's ruling. Accordingly, the court can competently rule without hearing from Plaintiffs. With respect to prejudice, Plaintiffs will suffer no prejudice from these early rulings because the court is granting leave to amend.

ORDER- 3

To analyze a Rule 12(b)(6) motion, courts apply the standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 562-63 (2007). Under the *Twombly*/*Iqbal* standard, it is not enough that a claim to relief be merely "possible" or "conceivable." Instead, it must be "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim for relief is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To cross the threshold from conceivable to plausible, a complaint must contain a sufficient quantum of "factual matter" alleged with a sufficient level of specificity to raise entitlement to relief above the speculative level. *Twombly*, 550 U.S. at 555.

In determining whether to grant a Rule 12(b)(6) motion, the court must accept as true all "well-pleaded factual allegations" in the complaint. *Iqbal*, 556 U.S. at 679. However, the court is not bound to accept as true labels, conclusions, formulaic recitations of the elements, or legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). As the Supreme Court said in *Iqbal*, a complaint must do more than tender "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

ORDER- 4

### B. The Complaint Does Not Allege Plausible Claims Against Mr. Robles, USAA, Mr. Southwell, or Kemper

Plaintiffs' complaint does not meet the standard articulated above. Indeed, the complaint does not even "tender naked assertions," recite labels, conclusions, or elements against the movants. *See Twombly*, 550 U.S. at 555. Instead, the complaint alleges no connection at all between the movants and the conduct alleged against Mr. Anderson and Ms. Sharp. (*See* Compl.) The substantive allegations in the complaint relate only to Mr. Anderson and Ms. Sharp (*see id.* at 4-5), and accordingly do not provide a "short and plain statement of the claim showing that" Plaintiffs are entitled to relief from the movants, *see* Fed. R. Civ. Pro. 8(a)(2). Nor does the complaint give the movants fair notice of the grounds for the claims asserted against them. *See Twombly*, 550 U.S. at 555. Even accepting all of the allegations in the complaint as true, the complaint is not "plausible on its face" because it does not contain factual content that allows the court to draw reasonable inferences that the movants are in any way liable to Plaintiffs. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It alleges no facts at all that would establish liability for Mr. Robles, USAA, Mr. Southwell, or Kemper. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

Following dismissal, a pro se litigant ordinarily "must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Here, the court grants Plaintiffs leave to amend within 14 days because there is no way to tell whether the deficiencies in the complaint could be cured by amendment. The

complaint is so devoid of factual allegations against movants that the court cannot make this determination at this time.

### III. CONCLUSION

For the foregoing reasons, the court GRANTS the motion to dismiss with respect to Mr. Robles, USAA, Mr. Southwell, and Kemper. The court also grants Plaintiffs leave to amend within 14 days of the date of this order. If Plaintiffs do not amend their complaint within 14 days, the court will dismiss the complaint with prejudice with respect to the above-listed defendants.

Dated this 11th day of September, 2013.

JAMES L. ROBART
United States District Judge