UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEWRAWIT H. GEBREKIDAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USAA INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO. C13-0508JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

Before the court are two motions filed in response to Plaintiffs Sewrawit H. Gebrekidan and Kevin G. Johnson's first amended complaint (s*ee* Am. Compl. (Dkt. # 25)).  Defendant Josue Robles, Jr., joined by Defendant Donald Southwell, moves for dismissal of all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  (Robles Mot. (Dkt. # 27); Southwell Mot. (Dkt. # 28).)  Additionally, Defendant Kemper Corporation moves for

ORDER- 1

summary judgment with respect to all claims against it. (Kemper Mot. (Dkt. # 29).) The court has reviewed the motions, all related materials, the balance of the record, and the applicable law. For the reasons set forth below, the court GRANTS in part and DENIES in part Mr. Robles and Mr. Southwell's motion and ORDERS Plaintiffs to show cause as within ten days from the date of this order as to why their remaining bad faith claim against Mr. Southwell should not be dismissed. Further, the court GRANTS Defendant Kemper Corporation's motion for summary judgment.

## II. BACKGROUND

On or about September 14, 2012, a vehicle driven by Ms. Gebrekidan collided with a vehicle driven by Defendant Kenneth B. Anderson. (Am. Compl. ¶ 15.) As a result, Plaintiffs claim that Ms. Gebrekidan and the other occupants in her vehicle sustained injuries. (*Id.* ¶¶ 15, 52.) The vehicle driven by Mr. Anderson was owned by Defendant Karen Sharp, who had insured it under an auto policy issued by Defendant USAA Casualty Insurance Company ("USAA"). (*Id.* ¶¶ 17, 27, 33, 54.) Plaintiffs allege that the vehicle driven by Ms. Gebrekidan was insured through Defendant Kemper Corporation ("Kemper"). (*Id.* ¶ 46.) Plaintiffs allege that during the ensuing claims process they were "treated with lies, cover-ups and misrepresentations from defendants USAA and Kemper." (*Id.* ¶ 40.) Plaintiffs further allege that Kemper wrongfully admitted Ms. Gebrekidan was at fault to USAA during the claims process. (*Id.* ¶¶ 41-42.) Plaintiffs contend that the alleged mistreatment they received was because of racial discrimination by the employees of USAA and Kemper. (*Id.* ¶¶ 37, 42.)

1    Plaintiffs subsequently wrote a letter to Mr. Robles, CEO of USAA, "to inform him that they believed that they were being discriminated against because of Plaintiff Sewrawit Gebrekidan's national origin . . . ." (*Id.* ¶ 37.) Plaintiffs allege that Mr. Robles never responded to their letter, but instead, USAA agents "become more emboldened to act in a discriminatory manner." (*Id.* ¶ 38.) Plaintiffs also filed a complaint against Kemper with the Washington State Office of the Insurance Commissioner claiming "discrimination because of race and national origin." (*Id.* ¶ 42.) Plaintiffs eventually wrote a letter to Kemper disputing Kemper's determination that Ms. Gebrekidan was at fault in the accident. (*Id.* ¶¶ 43-44.)

   On October 7, 2013, Plaintiffs filed their first amended complaint. (*See generally* Am. Compl.) Plaintiffs maintain that Mr. Robles "is responsible for policy, practices and procedures for addressing claims . . . . [and] for the acts and conduct[] of his subordinates . . . under the Public Duty Doctrine . . . ." (*Id.* ¶ 3.) Similarly, Plaintiffs contend that Mr. Southwell, as president and CEO of Kemper, is liable because he "knew or with reasonable investigation should have known that his agents were practicing discrimination against Black Americans and those with a different national origin besides American." (*Id.* ¶¶ 47-48.) Plaintiffs also contend that Kemper breached its fiduciary duty to Plaintiffs by claiming that Ms. Gebrekidan was at fault in the underlying accident. (*Id.* ¶ 46.) Plaintiffs allege that they have been damaged in the amount of $100,000,000.00 because of both Mr. Robles and Mr. Southwell's refusals "to act against the discrimination and bad faith refusal to pay a valid claim in breach of the first and

third party beneficiary rights, violation of fiduciary duty as well as violation of Civil Rights Act of 1866 . . . ." (*Id.* ¶ 58.)

Mr. Robles, joined by Mr. Southwell, now moves for dismissal of Plaintiffs' claims. (*See* Robles Mot.; Southwell Mot.) Additionally, Kemper moves for summary judgment in its favor with respect to Plaintiffs' claims against it. (*See* Kemper Mot.) Plaintiffs have not responded to either motion. (*See* Dkt.; Local Rules W.D. Wash. LCR 7(d).)

### III.  ANALYSIS

**A.  Plaintiffs' Claims Against Mr. Robles and Mr. Southwell**

Plaintiffs allege claims against Mr. Robles and Mr. Southwell individually for "bad faith refusal to pay a valid claim . . . violation of fiduciary duty as well as violation of Civil Rights Act of 1866 . . . ." (Am. Compl. ¶ 58.) Plaintiffs' claims are premised solely on the contention that Mr. Robles and Mr. Southwell, as CEOs of USAA and Kemper, respectively, were required to "act against the discrimination" and other alleged violations perpetrated against Plaintiffs by employees of USAA and Kemper. (*Id.*) In response, Mr. Robles, joined by Mr. Southwell, moves for dismissal of all claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's claim against a defendant must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at

ORDER- 4

556).  Although the court must accept as true all "well-pleaded factual allegations" in the complaint, the court is not required to accept as true conclusory allegations such as formulaic recitations of the elements of a particular claim or legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 556.

### 1. 42 U.S.C. § 1981

Beginning with Plaintiffs' discrimination claims, in order to find an individual liable under 42 U.S.C. § 1981, a plaintiff must allege personal involvement on the part of the individual defendant in the underlying discrimination.  *Bruins v. Mills Coll.*, No. C 06-05209 WHA, 2007 WL 419783, at *4 (N.D. Cal. Feb. 6, 2007) (citing *Al-Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986)).  Specifically, a plaintiff must allege "an affirmative link that causally connects the actor with a discriminatory action."  *Rue v. Laidlaw Transit Inc.*, No. C-95-04378 SI, 1997 WL 47510, at *5 (N.D. Cal. Jan. 27, 1997) (citing *Allen v. Denver Pub. Sch. Bd.*, 928 F.2d 978, 993 (10th Cir. 1991)).  Here, Plaintiffs have failed to allege any affirmative act on the part of Mr. Robles or Mr. Southwell that would allow for a reasonable inference that either defendant was personally involved in the alleged discrimination.

The only allegations Plaintiffs make in their amended complaint are that Mr. Robles and Mr. Southwell, as CEOs of their respective companies, are liable for the acts and conduct of their employees.  (Am. Compl. ¶¶ 3, 11.)  This is nothing more than a legal conclusion and falls far short of alleging the kind of personal involvement required to establish an affirmative link between Mr. Robles and Mr. Southwell and the alleged discrimination.  Plaintiffs also allege that Mr. Robles failed to respond to a letter they

sent him expressing their belief that they were being discriminated against. (*Id.* ¶ 37.) Even assuming Mr. Robles received and read the letter, this allegation still falls far short of establishing a plausible § 1981 claim. At worst, Mr. Robles was negligent in failing to respond to the letter; however, "negligence does not constitute the 'personal involvement' or 'affirmative link' necessary to support a claim of individual liability." *Baker v. Aramark Unif. And Career Apparel, Inc.*, No. 2:04-CV-0549-GEB-GGH, 2005 WL 2122050, at *9 (E.D. Cal. Aug. 31, 2005) (quoting *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000)). Because Plaintiffs have failed to plead sufficient factual matter against Mr. Robles and Mr. Southwell, their § 1981 claims are dismissed without prejudice.[1]

### 2. Breach of Fiduciary Duty

Next, Plaintiffs bring claims for breach of fiduciary duty against both Mr. Robles and Mr. Southwell. (Am. Compl. ¶ 58.) However, Washington courts have yet to recognize a cause of action for breach of fiduciary duty in the insurance context and this court will continue to abstain from being the first to do so. *See Neyens v. Am. Family Mut. Ins. Co.*, No. C12-1038JLR, 2012 WL 5499870, at *2 (W.D. Wash. Nov. 13, 2012). Additionally, to the extent Plaintiffs attempt to invoke the public duty doctrine against Mr. Robles, their claims fail because the public duty doctrine is only applicable in tort

---

[1] Because the court has already provided Plaintiffs with an opportunity to correct the defects in their pleadings (*see* 9/17/13 Order (Dkt. # 24), the present dismissal is without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2008) ("Where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad.").

cases against state entities. *See, e.g.*, *Babcock v. Mason Cnty. Fire Dist. No. 6*, 30 P.3d 1261, 1267-68 (Wash. 2001). Since Mr. Robles' employer, USAA, is not a public entity, there is no cause of action against him under the public duty doctrine. Thus, Plaintiffs' claims against Mr. Robles and Mr. Southwell for breach of fiduciary duty are dismissed with prejudice.[2]

    3. <u>Bad Faith</u>

Lastly, Plaintiffs bring claims against both Mr. Robles and Mr. Southwell for bad faith refusal to pay a valid claim. (Am. Compl. ¶ 58.) Beginning with Mr. Robles, Plaintiffs claim that because they are third-party beneficiaries under Ms. Sharp's auto policy (*id.* ¶ 34), USAA, and by extension Mr. Robles, owed them a duty to act in good faith in resolving their insurance claim (*id.* ¶ 30). This is incorrect. Under Washington law, a third-party claimant may not sue an insurance company directly for an alleged breach of the duty of good faith. *Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1139 (Wash. 1986) (holding that only the actual insured may bring a bad faith claim against an insurer). Thus, Plaintiffs' claims against Mr. Robles are legally deficient and are dismissed with prejudice.[3]

The same is not true of Plaintiffs' claims against Mr. Southwell. Generally, "if a corporate officer participates in the wrongful conduct, or with knowledge approves of the

---

[2] Dismissal with prejudice is proper if "there exists no legal basis . . . and any amendment to the claim would have been futile." *Fordjour v. Southwall Techs. Inc.*, 126 Fed. Appx. 351, 352 (9th Cir. 2005) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, Plaintiffs' breach of fiduciary duty claims are legally deficient under any set of factual allegations; thus, dismissal with prejudice is appropriate.

[3] *See supra* note 2.

ORDER- 7

conduct, then the officer, as well as the corporation, is liable . . . ." *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 553 P.2d 423, 439 (Wash. 1976).[4]  Here, Plaintiffs vaguely allege that Mr. Southwell was aware of their alleged mistreatment. (*See* Am. Compl. ¶¶ 43-45.)  While these allegations are threadbare at best, the court concludes that they allow for a reasonable inference that Mr. Southwell was at least aware of the conduct alleged.  However, as discussed below, Kemper is not a proper party to this suit.  The obvious import of this is that Mr. Southwell, as CEO of Kemper, is also improperly named.  But Mr. Southwell's motion is presented in the context of a Rule 12(b)(6) motion to dismiss, whereas Kemper moves for summary judgment.  The discrepancy between the procedural posture of the two motions means that the court cannot impute its dismissal of Kemper in deciding Mr. Southwell's motion to dismiss, but instead must accept as true Plaintiffs' allegations that Kemper issued an auto policy to Ms. Gebrekidan.  (*See* Am. Compl. ¶ 46.)  Nevertheless, the court acknowledges the implication of its finding that Kemper is not a properly named party and ORDERS Plaintiffs to show cause within 10 days of the date of this order why their remaining bad faith claim against Mr. Southwell should not be dismissed.

---

[4] Unlike "employees," which cannot be held personally liable for an insurer's bad faith, corporate officers remain liable for their participation in instances of bad faith. *See Manteufel v. Safeco Ins. Co. of Am.*, 68 P.3d 1093, 1096-97 (Wash. Ct. App. 2003) (removing corporate officer liability only in instances where an insurer's attorney characterized as a corporate agents or officers).

### B. Plaintiffs' Claims against Kemper Corporation

Plaintiffs allege that Ms. Gebrekidan's insurer, Kemper, is liable for discrimination, bad faith, and breach of fiduciary duty because of the manner in which it responded to and processed Plaintiffs' claims. (*See* Am. Compl. ¶ 58.) In response, Kemper moves for summary judgment on the grounds that it is not a proper party to this suit, having never issued the underlying policy in the first place. Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

Kemper asserts that it is entitled to summary judgment in its favor because it never issued an auto policy to Plaintiffs. Specifically, Kemper maintains that the policy referenced by Plaintiffs was actually issued by Charter Indemnity Company ("Charter"), which is a subsidiary of Kemper. (Hammel Decl. (Dkt. # 30) at 1-2; *see also id.* Ex. 1 (copy of the auto policy issued to Plaintiffs by Charter).) Kemper, on the other hand, is a publicly traded financial services company with separately incorporated subsidiaries that provide a variety of insurance products. (*Id.* at 2.) Kemper argues that Charter is the only conceivable defendant to Plaintiffs claims and that there is no legal basis for imposing liability on Kemper as the parent company. (Kemper Mot. at 8.)

Under Washington law, imputing liability to a separate legal entity, such as a parent company, is allowed in limited circumstances under the doctrine of corporate

disregard. *See Culinary Workers and Bartenders Union No. 596 Health and Welfare Trust v. Gateway Cafe, Inc.*, 588 P.2d 1334, 1343 (Wash. 1979). A plaintiff must offer proof that (1) the corporate form was intentionally used to violated or evade a legal duty; and (2) disregard is necessary to prevent unjustified loss to the injured party. *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wash. 1982). Here, Plaintiffs have made no allegations, let alone offered any evidence, indicating that Kemper utilized the corporate form of Charter to violate or evade a legal duty. Further, there is no apparent injustice that would result if Kemper was dismissed: Plaintiffs can simply bring their claims against Charter directly. Because Kemper is not a proper party in this case, the court GRANTS Kemper's motion for summary judgment and dismisses all claims against it.[5]

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS in part and DENIES in part Mr. Robles and Mr. Southwell's motion (Dkt. ## 27, 28) as follows:

(1) Plaintiffs' claims under 42 U.S.C. § 1981 are dismissed without prejudice;

(2) Plaintiffs' claims for breach of fiduciary duty are dismissed with prejudice;

(3) Plaintiffs' bad faith claim against Mr. Robles are dismissed with prejudice; and

---

[5] In its motion for summary judgment, Kemper dedicates a section of its brief to arguing that Plaintiffs claims against it are in violation of Federal Rule of Civil Procedure 11(b) and are potentially subject to sanctions under Rule 11(c). (Kemper Mot. at 10-13.) Kemper goes on to "formally advise the plaintiffs . . . to withdraw their specious claims—*before* the Court rules on pending dispositive motions and *before* a motion for sanctions under Rule 11 is on file." (*Id.* at 13.) To be clear, the court does not construe Kemper's summary judgment motion as also moving for Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion . . . .").

(4) Plaintiffs' bad faith claim against Mr. Southwell remain.

The court also GRANTS Kemper's motion for summary judgment (Dkt. # 29). Further, the court ORDERS Plaintiffs to SHOW CAUSE within 10 days why their remaining bad faith claim against Mr. Southwell should not be dismissed. If Plaintiffs do not show cause within 10 days, their bad faith claim against Mr. Southwell will be dismissed with prejudice.

Dated this 12th day of December, 2013.

JAMES L. ROBART
United States District Judge