UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEWRAWIT H. GEBREKIDAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> USAA INSURANCE COMPANY, et al., <br><br> Defendants. | CASE NO. C13-0508JLR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Before the court is Defendant USAA Casualty Insurance Company's ("USAA") motion for summary judgment. (Mot. (Dkt. # 35).) This is an insurance coverage and contract discrimination case. Pro se Plaintiffs Sewrawit Gebrekidan and Kevin Johnson allege that USAA discriminated against them during the claims process for a 2012 car accident and refused to pay them a settlement in bad faith. (*See* Am. Compl. (Dkt. # 25).) However, none of Plaintiffs' theories or allegations demonstrate that USAA is guilty of

ORDER- 1

wrongdoing and that Plaintiffs are entitled to relief. The court has considered the submissions of the parties, the record, and the governing law. Considering itself fully advised, and neither party having requested oral argument, the court GRANTS USAA's motion for summary judgment.

## II. BACKGROUND

On September 14, 2012, Ms. Gebrekidan was in a two-car accident. (Am. Compl. ¶ 15.) The other driver involved in the accident was Defendant Kenneth B. Anderson. *Id.* Plaintiffs claim that Ms. Gebrekidan and the other occupants in her vehicle were injured and that Ms. Gebrekidan's car was damaged as a result of the accident. (*Id.* ¶¶ 15, 20, 52.) The vehicle driven by Mr. Anderson was owned by Defendant Karen Sharp, who insured it under an auto policy issued by USAA. (*Id.* ¶¶ 17, 27, 33, 54.) After the accident, believing Mr. Anderson to be the at-fault driver, Plaintiffs filed an insurance claim with USAA. (Am. Compl. ¶¶ 27, 33.) Plaintiffs were subsequently contacted by Lisa Alford, a USAA claims agent, who informed them that USAA would not cover any damages related to the accident because it had determined that Ms. Gebrekidan was at fault. (*See* Alford Dec. (Dkt. # 37) ¶ 5, Ex. 2.)

Plaintiffs dispute USAA's finding that Ms. Gebrekidan was the at-fault driver and instituted this lawsuit seeking recovery against a number of defendants, including USAA. (Compl. (Dkt. # 13).) After the court dismissed Plaintiffs' initial claims against USAA and other defendants (*see generally* 7/15/2013 Order), Plaintiffs amended their complaint. (*See* Am. Compl.) In their amended complaint, Plaintiffs allege that, during the claims process, they were "treated with lies, cover-ups and misrepresentations" by

USAA. (Am. Compl. ¶ 40.) Plaintiffs contend that the mistreatment they received was due to racial discrimination by the employees of USAA in violation of 42 U.S.C. § 1981. (*Id.* ¶¶ 1, 37, 42.) Plaintiffs also assert that they are "third-party beneficiaries with [sic] defendant USAA" and that it denied their insurance claim in bad faith. (*Id.* ¶¶ 16, 34-36, 37, 53.)

Plaintiffs seek monetary damages, seek to enjoin USAA "from continuing the practice of discrimination against Black American [sic] and those with African national origins," and ask that USAA "be monitored for a period of not less than 5 years in their development of sensitivity and racial harmony training." (*Id.* at 10-11.)

USAA now moves for summary judgment on Plaintiffs' claims. (*See* Mot.) Plaintiffs have not responded to this motion. (*See* Dkt.; Local Rules W.D. Wash. LCR 7(d).)

### III. ANALYSIS

**A. Standards for Summary Judgment**

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence is such that reasonable persons could disagree

about whether the facts claimed by the moving party are true. *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983).

The moving party bears the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets its burden, then the non-moving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial." *Galen*, 477 F.3d at 658. The court is "required to view the facts and draw reasonable inferences in the light most favorable to the [non-moving] party." *Scott v. Harris*, 550 U.S. 372, 378 (2007). The ultimate question on a summary judgment motion is whether the evidence "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

1. Pro Se Plaintiffs' Failure to Respond to Defendant's Motion for Summary Judgment

Plaintiffs failed to file a response to USAA's motion for summary judgment. Local Rule CR 7(b)(2) states in part that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(b)(2). Nevertheless, summarily granting judgment to USAA would be improper given the Ninth Circuit's view "that a non-moving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." *See Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ.

P. 56). Thus, heeding the requirements of *Maritinez*, the court will analyze USAA's motion for summary judgment on the merits.

At the same time, however, the court cannot entirely overlook Plaintiffs' non-compliance with its Local Rules. Where USAA has met its burden of demonstrating an absence of material factual issues for trial, the court cannot create an issue for Plaintiffs where they have not submitted any countervailing evidence. The fact that Plaintiffs are appearing pro se does not alter the applicability of these general summary judgment rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1995) (noting that although the court construes pleadings liberally in their favor, "[p]ro se litigants must follow the same rules of procedure that govern other litigants"); *Semper v. JBC Legal Group*, No. C04-2240L, 2005 WL 2172377, at *1 (W.D. Wash. Sept. 6, 2005).[1] Accordingly, although Plaintiffs are appearing pro se, the court is obligated to hold them to the same standards as it would any other non-moving party on a motion for summary judgment. USAA bears the initial burden of showing there are no material factual disputes; if it does so, the court is not required to create disputes where there is no contrary evidence and may grant summary judgment in USAA's favor.

---

[1] In fact, in *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986), the Ninth Circuit rejected the argument that pro se non-prisoner litigants are entitled to notice from the court concerning Rule 56 requirements. *Id.* at 1364. In doing so, the Ninth Circuit unequivocally stated that "pro se litigants in the ordinary civil cases should not be treated more favorably than parties with attorneys of record." *Id.*

**B.     USAA's Motion for Summary Judgment**

Liberally construed,[2] Plaintiffs make two main claims against USAA in their amended complaint. USAA seeks summary judgment on both of these claims. (*See* Mot.) First, Plaintiffs allege that USAA denied their insurance claim in bad faith. (Am. Compl. ¶¶ 16, 34-36, 37, 53.) Additionally, Plaintiffs allege that USAA discriminated against them in violation of 42 U.S.C. § 1981. (*Id.* ¶¶ 1, 37, 42.)[3] Plaintiffs do not clearly articulate these claims or the legal bases upon which they rest; nevertheless, the court makes every effort to discern Plaintiffs' avenues for relief.

  1. Insurance Bad Faith

USAA first moves for summary judgment on Plaintiffs' insurance bad faith claim. (*See* Mot. at 7.) The court finds that this claim is foreclosed as a matter of law because Plaintiffs are third-party claimants and cannot sue USAA directly for insurance bad faith. *See Tank v. State Farm Fire & Cas. Co.*, 715 P.2d 1133, 1139 (Wash. 1986).

In Washington, third-party claimants cannot sue insurance companies directly for bad faith, even though insurance carriers generally have a duty to act in good faith. *See Tank*, 715 P.2d at 1139; RCW 48.01.030; WAC 284-30-330; *Burnham v. Commercial Cas. Ins. Co.*, 117 P.2d 644 (Wash. 1941). The duty of good faith arises from the quasi-

---

[2] Courts have a duty to construe pro se pleadings liberally. *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[3] In their amended complaint, Plaintiffs appear to make separate discrimination claims under both the Civil Rights Act of 1866 and 42 U.S.C. § 1981. (Am. Compl. ¶ 1 (Plaintiffs are "a protected class of people, African descended American, under both the Civil Rights Act of 1866 and 42 U.S.C. § 1981 . . . .")) Because 42 U.S.C. § 1981 is where the Civil Rights Act of 1866 is codified in the United States code, the court construes Plaintiffs amended complaint as containing a single contract-related discrimination claim.

fiduciary duty between insurer and insured, as well as from the duty of good faith and fair dealing inherent in any contract. *St. Paul Fire and Marine Ins. Co. v. Onvia, Inc.*, 196 P.3d 664, 667-68 (Wash. 2008). However, "[t]hird party [sic] claimants are not intended beneficiaries of liability policies and are owed no direct contractual obligation by insurers." *Dussault ex rel. Walker-Van Buren v. Am. Intern. Group, Inc.*, 99 P.3d 1256, 1259 (Wash. Ct. App. 2004). Thus, third-party claimants may not sue an insurance company directly for an alleged breach of the duty of good faith under a liability policy. *Tank*, 715 P.2d at 1139.

Here, Plaintiffs are third-party claimants, not beneficiaries, and thus cannot bring a bad-faith lawsuit against USAA. A third party claimant is "any individual . . . asserting a claim against any individual [or] corporation . . . insured under an insurance policy or insurance contract of the insurer." WAC 284-30-320. Plaintiffs fit within this definition, although they conclude that they are beneficiaries in their amended complaint. (*See, e.g.*, Am. Compl. ¶ 34 ("As a result of those injuries and coverage plaintiffs became third-party beneficiaries with defendant USAA.").)

Plaintiffs' status as third-party claimants and not beneficiaries is further clarified by the language of USAA's insurance policy at issue. (Mot. at 4 ("Only those persons who qualify as 'covered persons' under the USAA CIC policy have rights and benefits under the policy . . . . A 'covered person' for purposes of liability coverage . . . means: **You** or any **family member** for the ownership, maintenance, or use of any auto or trailer. Any person using **your covered auto** . . . . The term 'you' and 'your' is defined to mean the 'named insured' . . . .'") (emphasis in original).) Plaintiffs are not "covered persons"

because they are not directly insured by USAA and because Ms. Gebrekidan was not driving a car insured by USAA at the time of the accident. Wishful thinking and conclusory language will not change the Plaintiffs' relationship to USAA. Plaintiffs have alleged no facts supporting their conclusion that they are beneficiaries and no facts disputing that they are third-party claimants. The court concludes that Plaintiffs are third-party claimants and that they cannot maintain their bad faith insurance claim against USAA as a matter of law. *See Tank*, 715 P.2d at 1139.

2. 42 U.S.C. § 1981

Next, USAA moves for summary judgment with respect to Plaintiffs' claim that they were unlawfully discriminated against in violation of 42 U.S.C § 1981. (Mot. at 8.) Because Plaintiffs allege no facts suggesting that they were discriminated against in the creation or enforcement of a contract with USAA, this claim also fails as a matter of law.

42 U.S.C. § 1981 states in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." The statute protects non-white individuals from racial discrimination in creating or enforcing contracts. *Id.* In order to state a § 1981 discrimination claim, a plaintiff must allege facts that would permit a court to find that he or she was unable to make or enforce a contract that a white citizen is able to make or enforce. *See League of Academic Women v. Regents of the Univ. of Cal.*, 343 F. Supp. 636 (N.D. Cal. 1972) (noting, "the standard against which the rights of these individuals must be measured is the rights of white citizens"). Also, "plaintiffs must identify injuries

flowing from a racially motivated breach of their own contractual relationship, not someone else's." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480 (2006).

The Plaintiffs have alleged no facts giving rise to a material factual dispute that they were discriminated against by USAA in violation of 42 U.S.C. § 1981. As previously discussed, Plaintiffs are not beneficiaries of any insurance policy issued by USAA and they have no other contract with USAA. Because no contractual relationship exists between the parties, there can be no discrimination in the enforcement of a contract. *Domino's*, 546 U.S. at 476 ("Section 1981 offers relief . . . when racial discrimination impairs an existing contractual relationship so long as the plaintiff has or would have rights under the existing or proposed contractual relationship.") Additionally, Plaintiffs have alleged no facts suggesting they intended to make a contract with USAA and were discriminated against in the formation of such a contract. (*See* Am. Compl.) While the court is sensitive to the fact that Plaintiffs are members of a protected class, the facts contained in Plaintiffs' amended complaint do not demonstrate that a contract existed or that the Plaintiffs sought a contract with USAA. Thus, the facts do not support the predicate requirements of a §1981 claim and the court finds that Plaintiffs' 42 U.S.C. §1981 fails as a matter of law.[4]

---

[4] USAA also argues that the Plaintiffs' discrimination claim must fail because they allege no facts that USAA "intentionally and purposefully discriminated" against them on the basis of race as required by 42 U.S.C. § 1981. (*See* Mot. at 9.) The court does not reach this alternative argument because it has determined that the Plaintiffs have failed to allege sufficient facts to support the predicate elements of a § 1981 claim.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS USAA's motion for summary judgment (Dkt. # 35).

Dated this 15th day of January, 2014.

_____
JAMES L. ROBART
United States District Judge