UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEWRAWIT H. GEBREKIDAN, et al., | CASE NO. C13-0508JLR |
| Plaintiffs, | ORDER DISMISSING CASE |
| v. | |
| USAA INSURANCE COMPANY, et al., | |
| Defendants. | |

This matter comes before the court *sua sponte*. It appears to the court that Plaintiffs Sewrawit Gebrekidan and Kevin Johnson have ceased prosecuting this action. They have not filed anything with the court since October 7, 2013,[1] during which time six dispositive motions have been filed by various defendants. (*See* Dkt.) Plaintiffs did not respond to any of these motions, which have mostly been granted. (*See* Dkt. ## 39, 44,

---

[1] Plaintiffs' most recent activity of any kind in the case occurred when they signed a joint status report that Defendants submitted on December 27, 2013. (*See* JSR (Dkt. # 41).)

ORDER- 1

45, 49, 57.)  On May 19, 2014, the court ordered Plaintiffs to show cause within 20 days why this action should not be dismissed for failure to prosecute.  (5/19/14 Order (Dkt. # 58).)  The court warned Plaintiffs that if they did not "file a satisfactory response within 20 days, this action will be dismissed without prejudice."  (*Id.* at 2.)  More than 20 days have elapsed since the court's prior order, and Plaintiffs have filed no response of any kind.  (*See* Dkt.)

A district court may *sua sponte* dismiss an action for unreasonable failure to prosecute.  *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be unreasonable in order to support dismissal); *Henderson v. Duncan*, 770 F.2d 1421, 1423 (9th Cir. 1986) ("[D]ismissal for lack of prosecution must be supported by a showing of unreasonable delay.")  A district court must consider five factors to determine whether to dismiss a case for lack of prosecution:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions.  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).  Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Plaintiffs' failure to prosecute has been unreasonable.  In particular, three of the above-mentioned factors "strongly" support dismissal.  *See id.*  First, the public has a strong interest in expeditious resolution of this litigation.  This litigation involves

numerous individual and corporate defendants, all of whom would benefit from timely dismissal of this action. On the other hand, the court can discern no interest in allowing this litigation to drag on. This factor strongly supports dismissal. Likewise, the court's need to manage its docket strongly supports dismissal. This case has consumed more than its fair share of the court's resources. The court has already ruled on numerous motions, and it appears that more rulings would be necessary in order to fully resolve the case. Plaintiffs have apparently decided to abandon this case, and the court will not expend additional resources cleaning up the mess Plaintiffs have left behind. Third, there is no risk of prejudice to Defendants. It appears that most of the remaining defendants have not even been served. (*See* Dkt.) So far, all motions to dismiss or for summary judgment have been granted. It does not prejudice Defendants to simply dismiss this case rather than provide them with a further opportunity to file a dispositive motion. All parties who wished to file a dispositive motion have had ample time to do so.

The remaining two factors also support dismissal. There is no public benefit or policy that suggests resolving this case on the merits is desirable—indeed, Plaintiffs have apparently abandoned their claim on the merits. Public policy does not support merits resolution where neither party appears to be seeking it. Last, the court can think of no alternative sanction that would cure the problems created by Plaintiffs' failure to prosecute. Dismissal appears to be the best option for resolving this case.

//

//

//

ORDER- 3

1 | Accordingly, and for the reasons described above, the court dismisses this action
2 | without prejudice for failure to prosecute.
3 | Dated this 12th day of June, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 4